*1*
*2*
*3*
*4*
*5*
*6*
*7*
*8*   **IN THE UNITED STATES DISTRICT COURT**
*9*   **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
*10*

| 99¢ ONLY STORES, a California corporation, | ) Case No. 10-cv-0281 DMS (AJB) |
|---|---|
| Plaintiff, | ) **ORDER GRANTING JOINT** |
| v. | ) **MOTION REQUESTING ENTRY** |
|  | ) **OF CONSENT JUDGMENT AND** |
| JOE'S 99¢ & UP, a California company, | ) **PERMANENT INJUNCTION** |
| YORAM JOE COHEN, an individual, and | ) |
| DOES 1-20, INCLUSIVE, | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

*11*
*12*
*13*
*14*
*15*
*16*
*17*
*18*
*19*
*20*
*21*
*22*
*23*
*24*
*25*
*26*
*27*
*28*

*1*      Plaintiff 99¢ ONLY STORES ("Plaintiff" or "99¢") and Defendants JOE'S 99¢ & UP,
*2* YORAM JOE COHEN, and DOES 1-20, INCLUSIVE (collectively "Defendants") have jointly
*3* moved this Court for an order granting the parties Joint Motion Requesting Entry of Consent
*4* Judgment and Permanent Injunction.  The parties have agreed to a settlement of the matters in
*5* issue before them including the entry of this Consent Judgment and Permanent Injunction.
*6* Upon consideration of the Motion, the Court finds good cause to GRANT the motion.  It is
*7* hereby ORDERED that:

*8*      1.     This Court has jurisdiction over the parties and over the causes of action
*9* asserted in this action.  Venue is proper in this judicial district.

*10*     2.     The following federal trademarks owned by 99¢ are valid and enforceable
*11* (hereinafter "99¢ Only Stores marks"):

*12*         Registration No. 1,395,427 for the mark "ONLY 99¢ ONLY"

*13*         Registration No. 1,455,937 for the mark "99¢ ONLY STORES"

*14*         Registration No. 1,712,553 for the mark "DRIVER CARRIES 99¢ ONLY"

*15*         Registration No. 1,724,475 for the mark "OPEN 9 DAYS A WEEK 9 AM – 9 PM"

*16*         Registration No. 1,730,121 for the mark "ONLY 99¢ ONLY"

*17*         Registration No. 1,741,928 for the mark "99¢ ONLY STORES & Design"

*18*         Registration No. 1,747,549 for the mark "99¢ ONLY"

*19*         Registration No. 1,947,809 for the mark "99¢ ONLY STORES"

*20*         Registration No. 1,959,640 for the mark "99¢"

*21*         Registration No. 2,401,900 for the mark "99¢ ONLY STORES & Design"

*22*         Registration No. 2,761,939 for the mark "99 THANKS"

*23*         Registration No. 3,132,449 for the mark "HIGHWAY 99"

*24*         Registration No. 3,132,450 for the mark "HIGHWAY 99 & Design"

*25*         Registration No. 3,144,871 for the mark "HIGHWAY 99 YOUR ROAD TO GREAT
*26*         SAVINGS."

*27*     3.     The following Federal registrations owned by 99¢ have become incontestable
*28* pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, and are conclusive evidence of

99¢'s exclusive right to use these marks: Reg. Nos. 1,455,937; 1,712,553; 1,730,121; 1,741,928; 1,747,549; 1,947,809; 1,959,640; and 2,401,900.

4. 99¢ has developed a protectable family of 99¢ Marks that it uses extensively throughout its business and which emphasizes the common "99" element of its family of 99¢ Marks in slogans, promotions, and advertising.

5. 99¢ has a valid, protectable interest in its distinctive trade dress, trade name and common-law service marks.

6. Defendants have operated and continue to operate the retail business at the premises located at 5079 El Cajon Blvd., San Diego, California 92115, and have operated said business under the name "JOE'S 99¢ & UP." Defendants' store name, logo, signage, and trade dress are confusingly similar to that of 99¢ and constitute a false designation of origin, infringe and dilute 99¢'s family of 99¢ Marks, trade name, federal service mark registrations, common law marks, and trade dress as set forth in Paragraph 2 above. Defendants activities also infringe and dilute 99¢'s marks registered in the State of California in violation of California Business & Professional Code §§ 14245 and 14247. By their infringing acts, Defendants further unfairly compete with 99¢ in violation of 15 U.S.C. §1125(a), California Business and Professional Code §17000 et seq., and the common law.

7. Defendants, their parents, subsidiaries, affiliates, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Judgment are hereby enjoined and restrained from:

    A. Using, copying, simulating, or in any other way infringing 99¢'s family of federally registered, state registered, and common law service marks, trade names, and trade dress, including, but not limited to, Federal Registration Nos. 1,959,640; 2,401,900; 1,947,809; 1,747,549; 1,741,928; 1,730,121; 1,712,553; 1,455,937; 1,395,427; 2,761,939; 3,132,449; 3,132,450; and 3,144,871; and California State Registration Nos. 23,078; 23,958; 40,745; and 42,970;

    B. Displaying any signage or other business identifiers, including, but not limited to, building signs, directional signs, monument signs, computer templates,

*1*  banners, advertising media, menus, business cards, and brochures containing
*2*  prominently featured characters "99", "99¢", "$.99", or "$0.99" or any
*3*  characters confusingly similar thereto;
*4*  C. Using "99", "99¢", "$.99", or "$0.99", or any mark confusingly similar thereto,
*5*  as the name or part of the name of Defendants' business or corporation, nor
*6*  display any references to "99", "99¢", "$.99", or "$0.99", or any mark
*7*  confusingly similar thereto, in or in connection with Defendants' business or
*8*  corporate name;
*9*  D. Using the numeral "99" as a feature of any business or corporate name;
*10* E. Using the numeral "99" as a feature of any business identifiers, including, but
*11* not limited to, building signs, directional signs, monument signs, computer
*12* templates, banners, advertising media, menus, business cards, and brochures;
*13* F. Using the numeral "9" as a stylized or fanciful numeral as part of a business
*14* name or business identifier and, instead, must use the numeral "9" as a block
*15* numeral;
*16* G. Using any of the marks from 99¢'s family of federally registered and common
*17* law service marks, 99¢'s trade names, and 99¢'s trade dress or anything
*18* confusingly similar in the operation of Defendants' business including on the
*19* signage, storefront façade, interior décor, shopping carts, bags, baskets,
*20* merchandise stickers, cash register receipts, employee aprons, shirts, and name
*21* tags, vehicles, letterhead, purchase orders, company brochures and business
*22* cards, website, and advertising, and in connection with any other business
*23* identifiers, such as building signs, directional signs, monument signs, computer
*24* templates, banners, advertising media, and menus;
*25* H. Using purple, pink and/or blue color hues for the mark and name of Defendants'
*26* business wherever that business mark and/or name is used by Defendants,
*27* including use of the business mark and/or name on the items and places
*28* described in Paragraph 7.G;

*1*         I.    Referring to "99¢ store(s)" or "99¢ Store(s)" as if they were generic terms applicable to a category of deep discount or other retail stores; and

*3*         J.    Using, copying, simulating, or otherwise mimicking 99¢'s trade dress.

*4*     8.    The terms in paragraph 7 shall remain in force in perpetuity.

*5*     9.    This Court retains jurisdiction over this matter for the purpose of making any further orders necessary or proper for the construction of this Judgment, the enforcement thereof, and the punishment of any violations thereof.

After this Consent Judgment has been entered by the Court, 99¢ shall promptly serve notice of it on Defendants, and 99¢ shall file with the Court a proof of service thereof within ten (10) days thereafter.

**IT IS SO ORDERED.**

Dated: April 15, 2010     By: _____
                                              HON. DANA M. SABRAW
                                              UNITED STATES DISTRICT JUDGE